UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Operating Engineers Local 324 Health Care
Plan et al.,

       Plaintiffs,

v.

Dalessandro Contracting Group, LLC,

       Defendant.
                                             /

Case No. 11-14651

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [16]**

Before the Court is Plaintiffs' motion for summary judgment on their Labor-Management Relations Act, 29 U.S.C. § 186 et seq., and Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., failure to pay fringe benefit contributions claim against Defendant from January, 2011 "forward."[1]  (Dkt. 16.)  Having reviewed the pleadings, the Court finds that a hearing is unnecessary and dispenses with one pursuant to Eastern District of Michigan 7.1(f)(2).

Defendant raises one issue in response to Plaintiffs' motion.  Defendant argues that Plaintiffs' audit is overstated with regard to fringe benefit contributions related to Robert Nail.  (Dkt.20, Def.'s Resp. at 7.)  Defendant states that the audit improperly calculates that

---

[1]The Court is also currently adjudicating a suit between these two parties for the fringe benefit payments owing for January, 2008 to December, 2010.  See *Operating Engineers Local 324 Health Care Plan v. Dalessandro Contracting Grp.*, 10-11256, 2012 WL 831758 (E.D.Mich. Mar. 12, 2012) (Edmunds, J.) for a general background of the dispute between the two parties.

Defendant owed contributions for Nail's work performed outside of Michigan.[2] In their reply, Plaintiffs concede the Nail calculation and have submitted an updated audit based upon Defendant's objection. (Pls.' Reply at 2.) Defendant also argues that Plaintiffs have overstated their additional claims for damages (liquidated damages, attorneys' fees, and costs) because of the improperly calculated audit. (Defs.' Resp. at 9.)

Given Plaintiff's reply and revised audit, the Court finds that the parties have resolved the contributions issues.

The Court therefore grants Plaintiffs' motion for summary judgment, resolving all the claims in this suit.

I. Facts

Defendant Dalessandro Contracting Group, LLC and Plaintiffs entered into a Collective Bargaining Agreement ("CBA") that required Defendant to pay fringe benefit contributions to Plaintiffs based on actual hours worked by employees. Plaintiffs performed an audit for the time period January, 2011 to May, 2012. The audit shows that Defendant failed to make the required contributions. Plaintiffs filed suit to have Defendant fulfill its CBA-imposed obligations.

On August 15, 2012, Plaintiffs filed their motion for summary judgment. (Dkt. 16.) In that motion, they requested that the Court award the following monetary amounts:

- $13,328.48 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A),

---

[2]In *Operating Engineers Local 324 Health Care Plan v. Dalessandro Contracting Grp.*, 10-11256, 2012 WL 831758 (E.D.Mich. Mar. 12, 2012) (Edmunds, J.), the Court held that the collective bargaining agreement expressly exempts Defendant from making fringe benefit contributions for work performed outside of Michigan.

- $372.92 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B),

- $1,327.22 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C),

- $3,324.86 in late payment assessments pursuant to Plaintiffs' plan documents,

- $755.25 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents, and

- $2,595.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D), and

- any and all other relief (equitable and injunctive) to which they may be entitled.

(Pls.' Mot. for Summ. J. at 1-2.)

Defendant filed a response, challenging some of Plaintiffs' calculations in their August 8, 2012 audit. (Def.'s Resp.)

## II. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

3

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike Cnty. Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**III. Analysis**

> **A. Plaintiffs have conceded the calculations issue, summary judgment is therefore appropriate on the amounts owing**

Defendant argues that Plaintiffs have not properly accounted for the work that Robert Nail performed outside of Michigan between November, 2011 and January, 2012. (Def.'s Mot. at 5-6.) Defendant argues therefore that the audit is incorrect and summary judgment is not appropriate. (*Id.* at 6.) The Robert Nail miscalculation is the only example that Defendant puts forth that it alleges precludes summary judgment.

Plaintiffs concede the Robert Nail calculation issue and have had another audit performed and calculations computed. (Dkt. 21, Pls.' Reply at 2.) Plaintiffs therefore argue that there are no more issues of fact relating to this portion of their motion for summary judgment. (*Id.* at 2.)

The Court agrees. The only issue with respect to the calculations that Defendant has raised has been resolved. Summary judgment is therefore appropriate on this part of Plaintiffs' motion.

The Court therefore awards Plaintiffs:

- $4,995.98 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A);
- $222.48 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);
- $497.43 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and
- $3,324.86 in late payment assessments pursuant to Plaintiffs' plan documents.

**B. The Court awards Plaintiffs' attorneys' fees and costs and audit fees**

Plaintiffs request $755.25 in audit costs and $2,595.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.[3] (Pls.' Reply at 5.)

ERISA provides for an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant [and] such other legal or equitable relief as the court deems appropriate" if a court awards a judgment in favor of the plan. 29 U.S.C. § 1132(g)(2)(D) and (E). To determine whether an attorneys' fees award is reasonable, courts use the lodestar approach and multiply a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Iron Workers' Local No. 25 Pension Fund v. MCS Gen. Contractors, Inc.*, 229 F.3d 1152, at *8 (6th Cir. 2000) (Table). "While the product of this formula is generally presumed to be reasonable . . . the court may adjust it downward in compelling circumstances." *Id.* (citation omitted). An award of audit fees is also proper under ERISA's statutory scheme and the collective bargaining agreement. *See Local Union No. 33 Trustees of the Sheet Metal Workers' Akron District Pension Fund v. MAP Heating & Cooling, LLC*, 08-2954, 2010 WL 1995654 (N.D.Ohio May 19, 2010) (Lioi, J.) (citing cases for the proposition and stating that "courts routinely hold that audit costs are recoverable under [§ 1132(g)(2).]") (and awarding $1,900.00 in audit fees.) (citations omitted). Courts have also imposed a "reasonable" analysis on audit costs. *See Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890 (7th

---

[3] The Collection Policy, which the auditor has attached as an exhibit, shows that Defendant is to pay "all actual expenses incurred by [Plaintiffs,] including auditor, expert witness and attorney's fees, copying costs, filing fees and deposition costs." (Dkt. 22, Kless Aff. in Support of Mot. for Summ. J., Ex. B, Collection Policy.)

Cir. 2009) (finding that, in an award analysis, a court should award "reasonable" audit costs and that the plaintiffs bore the burden of showing that the costs were reasonable.).[4]

Defendant argues that it "should not be made to pay for [] Plaintiffs' [attorneys' fees], audit fees, and other costs, which were expended to seek overstated claims against [Defendant.]" (Def.'s Resp. at 9.) Defendant makes no other argument as to audit costs and attorneys' fees.[5]

Plaintiffs have submitted a fee schedule. (Dkt. 18, Ex. A, Calati Aff.) Plaintiffs have also submitted the auditor's affidavit stating the amounts owing and the costs of the audit. (Dkt. 22, Kless Aff.) The Court has reviewed the fee detail and the costs of the audit. The

---

[4] In imposing the reasonableness analysis on audit costs, the Seventh Circuit stated: "An auditor, like an attorney, is a professional whose time is valued, to a great extent, by his experience and credentials. As is also true of an attorney's work, the reasonableness of the time an auditor has devoted to his client's cause depends on both the particular tasks he performed and the time he expended on those tasks. We can think of no reason why the work of lawyers and auditors is so different that the reasonableness of their fees must be judged by different standards." *Cork Plastering Co.*, 570 F.3d at 905. The Seventh Circuit continued, "it is entirely reasonable for a court asked to compensate a party for the audit costs it has incurred to demand information about the credentials and billing rates of the auditors, along with itemization of the time they devoted to the case. This information enables the court to both assess the overall reasonableness of the compensation requested and, if the court believes the total fees were too high, to have a reliable basis for reducing the fee award by denying compensation for time that was not well spent or reducing compensation for time that was billed at rates." *Id.*

[5] Plaintiffs have stated that "[Defendant] has not argued that [] Plaintiffs' counsel has requested an unreasonable rate or that any line on the fee schedule represents time unreasonably spent. Instead, [Defendant] make a blanket argument that since [] Plaintiffs' audit showed amount due for work, for which [Defendant] has now brought forth additional evidence to show was performed outside the jurisdiction of the collective bargaining agreement[.]" (Pls.' Reply at 4.) The Court, in the related suit, ordered the parties to account for the hours worked outside of the states. Here, it appears that Defendant did not inform Plaintiffs that Robert Nail worked outside of Michigan until Defendant filed the response. The Court therefore finds that Defendant should pay the cost of the audit.

Court finds that the $190 and $140 hour rates are reasonable in this district and that the 13.5 hours expended in this case are reasonable. The Court further finds the $755.25 cost of the audit is reasonable. The Court therefore awards the requested amount.

The Court awards:

- $755.25 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents; and

- $2,595.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.

### IV. Conclusion

For the above-stated reasons, the Court grants Plaintiffs' motion for summary judgment. The Court awards Plaintiffs the following amounts:

- $4,995.98 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A);

- $222.48 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

- $497.43 in damages pursuant to 29 U.S.C. § 1132(g)(2)(C),

- $3,324.86 in late payment assessments pursuant to Plaintiffs' plan documents,

- $755.25 in audit costs pursuant to 29 U.S.C. § 1132(g)(2)(C); and

- $2,595.00 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and Plaintiffs' plan documents.

So ordered.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  October 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager